UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case No. 2:22-mc-50605

In re JUEL ANNE RICE

Paul D. Borman
United States District Judge

_____

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

**PROCEDURAL HISTORY**

On March 11, 2022, Plaintiff Juel Anne Rice, proceeding without counsel, opened this matter by filing a 38-page "Demand for Redemption" with attachments. In this Demand, Plaintiff asserts a claim for "redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC §411 and §16 of the Federal Reserve Act" against Janet Yellen "in her capacity as US Governor of the International Monetary Fund pursuant to the Bretton Woods Agreements and Amendments." (ECF No. 1, PageID 1–2.)

Plaintiff's claim appears to arise from her 2020 and 2021 tax returns. She states that her "filing is necessary because the Letter 12C attached and Refused for Cause instructs Juel Anne to fax and not mail, leaving Juel Anne without a record while the IRS notifies Juel Anne in the same breath that a faxed signature holds full sway of law against her." (ECF No. 1, PageID 2.) She adds that "no fax receipt will

1

be generated by the IRS fax machine" and the IRS has "rush[ed] [the] process. (ECF No. 1, PageID 2.)

To her Demand, Plaintiff has attached: a notary certification for Trevor Myrvold (who notarized Plaintiff's demand), (ECF No. 1, PageID 4); Judges Sean Cox and Bernard Friedman's "Oath[s] of Office for United States Judges" with "refused for cause" written over them, (ECF No.1, PageID 5–6); an excerpt describing amendments to the Bretton Woods Agreements Act, (ECF No. 1, PageID 7); a letter requesting that Plaintiff fax additional information concerning her "December 31, 2020 Form 1040 federal individual income tax return . . . within 20 days," (ECF No. 1, PageID 8–9); receipts for mail delivered to the Michigan Department of Treasury and the Internal Revenue Service, (ECF No. 1, PageID 10); a series of checks from Dr. Patty C. Rice to Plaintiff, (ECF No. 1, PageID 11–21); Plaintiff's 2020 and 2021 "Form 1040 U.S. Individual Income Tax Return[s]" and "MI-1040 Michigan Individual Income Tax Return[s]," (ECF No. 1, PageID 22–33); Plaintiff's 2021 "Nonemployee Compensation" "1099 Form," (ECF No. 1, PageID 34); and a "Certificate of Mailing" with addresses for Janet Yellen, the Internal Revenue Service office in Utah, and the Michigan Department of Treasury, (ECF No. 1, PageID 35–38.)

**LEGAL STANDARD**

Courts must liberally construe the pleadings and filings of pro se plaintiffs. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, in "the rarest of circumstances," a district court may "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (citations omitted); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion[]' . . . ." (citations omitted)). The district court need not give a plaintiff an opportunity to amend her complaint before such a dismissal. *Id.* at 479.

**ANALYSIS**

Plaintiff's case will be dismissed because her Demand is plainly unsubstantial and devoid of merit. Plaintiff requests relief under 12 U.S.C. §§ 16 and 411, but

3

neither of those statutes could possibly support a claim here. First, 12 U.S.C. § 16, titled "Funding of Office," provides:

> The Comptroller of the Currency may collect an assessment, fee, or other charge from any entity described in section 1813(q)(1) of this title, as the Comptroller determines is necessary or appropriate to carry out the responsibilities of the Office of the Comptroller of the Currency. In establishing the amount of an assessment, fee, or charge collected from an entity under this section, the Comptroller of the Currency may take into account the nature and scope of the activities of the entity, the amount and type of assets that the entity holds, the financial and managerial condition of the entity, and any other factor, as the Comptroller of the Currency determines is appropriate. Funds derived from any assessment, fee, or charge collected or payment made pursuant to this section may be deposited by the Comptroller of the Currency in accordance with the provisions of section 192 of this title. Such funds shall not be construed to be Government funds or appropriated monies, and shall not be subject to apportionment for purposes of chapter 15 of title 31 or any other provision of law. The authority of the Comptroller of the Currency under this section shall be in addition to the authority under subchapter XV of chapter 3.
>
> The Comptroller of the Currency shall have sole authority to determine the manner in which the obligations of the Office of the Comptroller of the Currency shall be incurred and its disbursements and expenses allowed and paid, in accordance with this section, except as provided in chapter 71 of title 5 (with respect to compensation).

This statute grants certain authority to the Comptroller of the Currency; it does not provide a private cause of action for individual plaintiffs to sue in federal court.

Second, 12 U.S.C. § 411, titled "Issuance to reserve banks; nature of obligation; redemption," authorizes the issuance of federal reserve notes as follows:

> Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents

4

as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

Like § 16, this statute does not provide a private cause of action.

Further, nothing else in Plaintiff's Demand suggests that she has any other basis for bringing suit in this Court. Indeed, even if Plaintiff had asserted a direct claim against the Internal Revenue Service for failure to pay her tax returns, the Court would not have jurisdiction to hear her case until she completed the following process:

Initially, the taxpayer must file a sufficient administrative claim with the IRS. *See* I.R.C. § 7422(a) (West Supp.1998) (stating that there can be no suit prior to the filing of an administrative claim); *Martin v. United States,* 833 F.2d 655, 658–59 (7th Cir.1987) ("A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit."). The administrative claim must be filed before the later of two years from the time the tax was paid or three years from the time the tax return was filed. *See* I.R.C. § 6511(a) (West Supp.1998). After filing a sufficient and timely administrative claim, the taxpayer may file an action in federal court if he is dissatisfied with the IRS' determination. . . . [T]he action must be filed within two years of the IRS' rejection of the claim. *See* I.R.C. § 6532(a)(1) (West 1989).

*Thomas v. United States*, 166 F.3d 825, 828–29 (6th Cir. 1999). Plaintiff's Demand contains no indication that she has done so.

**CONCLUSION**

For the reasons listed above, Plaintiff's Demand lacks the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in this case and is **DISMISSED WITHOUT PREJUDICE** pursuant to the Court's authority established in *Apple v. Glenn*, *supra*.

**IT IS SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 15, 2022